(30 App. Div. 585.)

### GREENHAUS v. ALTER.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

NEGLIGENCE OF MASTER—FIRE ESCAPES.

In order to prove that the owner of a manufactory has failed to provide a sufficient fire escape, under Consol. Act, § 498, as amended by Laws 1892, c. 275, as directed by the superintendent of buildings, it is necessary to prove that the department of buildings has acted, and that a written notice has been served by the department, to which the superintendent's name was attached, requiring the fire escape to be constructed.

Appeal from trial term.

Action by George Greenhaus against Solomon Alter. From a judgment at trial term, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. H. Benn, for appellant.
Emil Goldmark, for respondent.

INGRAHAM, J. The defendant was the owner of a building known as "Nos. 10 and 12 Montgomery Street," New York City, which was used as a manufactory in which the plaintiff worked as a tailor; and on the 13th of June, 1893, when there were about 150 other workmen in the building, a fire broke out in the said premises, which were completely destroyed. The plaintiff was upon the fifth story, and, to escape from the fire, he jumped some 10 feet, across to an adjoining building, and in jumping he broke the bones of his foot and ankle, and was otherwise injured, and to recover damages thus sustained he brings this action.

The complaint alleges that, one year or more before the fire, the defendant was directed by the New York fire department to build a bridge or fire escape from the building Nos. 10 and 12 Montgomery street, New York City, in which the plaintiff was working, to the adjoining building, known as "No. 8 Montgomery Street," and was further directed by said department to build and erect fire escapes on said building Nos. 10 and 12 Montgomery street, and to incase the stairway with iron coverings and sidings, and to replace the wood sidings with iron; that the defendant failed and neglected to comply with these orders, as required by law and said fire department; and that the injuries to the plaintiff were caused by the failure of the defendant to comply with the directions of the fire department. The defendant denies these allegations of the complaint.

Upon the trial it was proved that the defendant had complied with all orders of the fire department or building department that were of record of the department prior to the fire; that the building had

been erected in accordance with the plans and specifications filed with the department of buildings, which had been approved by said department, said plans and specifications showing a fire escape upon the building; that after the building had been completed an inspector of the department had reported to the superintendent of buildings that the work had been completed; that "all the work upon the said building has been done in accordance with the foregoing detailed statement." There was some evidence tending to show that the fire escapes did not extend sufficiently near to the ground to enable people to get from the end of the fire escape to the street without assistance. A witness was then called, and asked whether he had any conversation with the defendant in regard to any direction given to him by the building department of this city as to the building of a bridge from the sixth floor to the adjoining building owned by him, and he was asked to state what was said. That was objected to. The objection was sustained, and an exception taken, and the exception to this ruling presents the only serious question to be determined upon this appeal. The plaintiff produced a witness who was chief manager of the building department. He produced from the files of that department the plans for the buildings Nos. 12 and 14 Montgomery street. He testified that there was no record in his department directing the building of a fire escape before the fire. Thus, so far as appears from the record of the department, no directions had been given by the superintendent of buildings or his predecessor as to providing any particular fire escape for this building, except that placed upon the building when it was built.

By section 498 of the consolidation act, as amended by chapter 275 of the Laws of 1892, it was provided that:

"Every factory, mill, manufactory or workshop * * * shall be provided with such good and sufficient fire escape, stairways or other means of egress, in case of fire, as shall be directed by the superintendent of buildings, and said superintendent shall have full and exclusive power and authority within the said city to direct fire escapes and other means of egress to be provided upon and within said building or any part of them."

By section 507 of the consolidation act it is provided that:

"All notices of the violation of any of the provisions of this title, and all notices directing anything to be done, required by this title, and all other notices that may be required or authorized to be issued thereunder, * * * shall be issued by the superintendent of buildings, and shall have his name affixed thereto, and may be served by any officer or employé of the fire department, or by any person authorized by the said department."

Under the provisions of this section it is apparent that any notice of the superintendent of buildings, directing the construction of a fire escape under section 498 of the act, would have to be in writing, with the name of the superintendent of buildings affixed thereto, and served by an officer or employé of the department, or a person authorized by the said department. In the case of Fire Department v. Sturtevant, 33 Hun, 408, in construing the provisions of chapter 687 of the Laws of 1881, which is substantially the same as section 507 of the consolidation act, before cited, it was held that this provision of the statute requires the action and direction of the department as such, and is not satisfied with the action and direction only of one

of its subordinate officers or bureaus. "It is therefore to be shown in all cases that the power has been set in motion, and is sought to be exercised in substantial compliance, in its several steps and proceedings, with the statute; and, unless the notice was such as is required by that statute, it was ineffectual." To prove, therefore, that the defendant had failed to comply with the provisions of section 498 of the consolidation act, and failed to provide a good and sufficient fire escape as directed by the superintendent of buildings, it is necessary to prove that the department of buildings had acted, and that a notice had been served by the department to which the superintendent's name was attached, requiring the fire escape to be constructed. No attempt was made to prove that fact. On the contrary, the evidence all shows that there had been no action of the department. A notice, to be valid, must be in writing, with the name of the superintendent affixed thereto; and secondary evidence of such a notice was not competent, unless notice to produce the original had been given, or it was shown that the original had been lost or destroyed. A mere admission of the defendant that he had been ordered by the department to build any particular fire escape, or to provide means of egress from the building in case of fire, would not place the defendant in default without proof of the fact that a written notice had been served upon him, to which the name of the superintendent had been affixed. No such proof was offered, but, on the contrary, the evidence of the witnesses called by the plaintiff conclusively showed that no such action had been taken by the department. The pleadings raised but one issue, which was a failure of the defendant to comply with the directions of the New York fire department as to building this bridge or fire escape from Nos. 10 and 12 Montgomery street to the next adjoining building, known as "No. 8," and the only negligence alleged was this refusal to comply with such direction.

I think the judgment should be affirmed, with costs. All concur.